## GENERAL COURT, OCTOBER TERM, 1802.

### PRESTON *vs.* PRESTON.

*The heir at law of a deceased joint obligor leaving a survivor, is not answerable at law upon the bond. He is not answerable for the debt of his ancestor, unless he is sued as heir, and unless he had promised to pay the debt. It must also be averred, that real estate sufficient had descended to the heir from the ancestor*

ASSUMPSIT for money had and received, paid, laid out and expended, and lent and advanced, and on an *insimul computassit.* The general issue was pleaded.

The plaintiff, to support the issue on his part, read to the jury a *joint bond*, executed on the 19th of September 1782, by one *Martin Preston*, and himself as surety for the said *Martin*, to *Dennis Bond*, for the sum of 33*l* 13*s* 4*d*; also a judgment by confession rendered upon that bond in *Harford* county court in August 1797, in favour of the obligee, against him the plaintiff, as the surviving obligor—the said *Martin* being dead. He also read in evidence, a receipt dated the 1st of August 1798, given by the assignee of the obligee for the debt and costs recovered by the judgment. He also proved, that *Martin Preston* died intestate in the year 1787, and that the defendant is his son and heir at law; that lands in fee simple, to an

amount greatly exceeding the claim in this action, des-
cended to him, and that he is in possession of the same.

The defendant, to prove that *Martin Preston* left
personal estate to the amount of £200, read in evi-
dence the inventory of said estate, made by his admi-
nistratrix on the 27th of January 1789, and a certifi-
cate of the register of wills of *Harford* county, shew-
ing that the administratrix had settled no account with
the orphans court, or returned any accounts paid by
her as administratrix.

The defendant then prayed the opinion of the court,
and their direction to the jury, that unless there was
an express promise by the defendant to pay the debt,
he was not answerable, and that the plaintiff could
not otherwise recover.

*Key*, for the defendant, argued that the act of limi-
tations would have been a bar to the action on the
bond in *Harford* county court, if the plaintiff in this
action had pleaded it; instead of that, he confessed a
judgment, paid the money, and now wishes to recover
it from the defendant. It appears that *Martin Pres-
ton*, the ancestor of the defendant, died in 1786; that
administration was granted on his personal estate in
1787; that an inventory was returned, stating the es-
tate to be appraised to £200, and that no account has
been settled with the orphans court by the adminis-
tratrix; of course it is evident that there was person-
al estate amply sufficient to pay the plaintiff his de-
mand. As the present action is brought against the
defendant to compel him to pay the debt of his an-
cestor, whose heir he is, he should have been declared
against in the character of heir, and not in his own
right; and it should have been averred that lands de-
scended to him from his ancestor. Besides this, there
is no proof that the defendant ever promised to pay
the money. The bond being joint it survived
against the present plaintiff, who, being a surety,
ought to have pleaded the act of limitations to the
action against him. His having neglected to do so,
will not operate to the prejudice of another. A man

may himself waive the benefit of a law in his favour, but no one can do it for him without his consent. Suppose a suit against two—one of them pleads limitations, and bars the recovery as to him—the other confesses judgment, and pays it—could the one who confessed judgment, recover of the other, one half of the debt by him so paid, after the other had defeated the plaintiff by the act of limitations? An action, for money had and received, against an heir, cannot be supported unless he has expressly promised to pay the money. The law raises no promise. *Moses vs. M'Ferlan*, 2 *Burr.* 1005. 2 *Blk. Rep.* 219. *Esp.* 6. Where one is under a *legal* or *equitable* obligation to pay, the law will imply a promise. But where there is no *moral* obligation to pay, the law will not imply it. *Cowp.* 290. Again—the heir is only liable in respect of assets, and he is not bound while there is personal estate sufficient. The law abhors circuity of action; and if the heir were to pay this claim, he would have recourse to the personal estate by action against the administratrix. An executor or administrator cannot waive the act of limitations so as to bind the real estate—to bind the real estate the heir only can waive the benefit of that act. The real estate is not answerable *at all*, until the whole personal estate is exhausted in a legal course of administration.

*Johnson* and *Stephen*, for the plaintiff. In England, an heir as well as an executor is answerable for the debts of the deceased. The obligee in a bond may sue either the heir or executor. The real and personal estate are equally responsible. *Esp.* 218. It is true the personal estate shall be tried first in equity; but at law there is no distinction. There is no discrimination in a common law jurisdiction in favour of the realty, to the disadvantage of the personalty. 2 *Atk.* 426. The act of 1785, *ch.* 80, *s.* 7, does not take away the privilege of the creditor to proceed against the heir. A mortgagee may even in equity proceed against the heir, and the heir may recover over from the executor. 2

*Atk.* 427. If an executor pays simple contract debts to the whole amount of the assets, leaving a debt due on bond, the heir is answerable; and if he is answerable in that case, where the executor does not administer agreeably to law, he is equally liable, although there may be assets unadministered in the hands of the executor. There is no doubt but that in *England* an heir at law is only answerable upon' *specialties*; and that he is not answerable for a *simple contract* debt, unless there is an express promise to pay. But if the foundation of the action, as in this case, is the bond of the ancestor, then the heir is liable, and the law will imply a promise to pay. It is clear that the creditor may sue either the heir or executor. It has not been alleged that payment was ever made by *Martin Preston,* in his lifetime, or by his administratrix or heir.

*Key* in reply. The cases in *Espinasse* and *Atkyns,* cited on the other side, are sound law. If the ancestor binds his *heir*, the creditor may sue either heir or executor. The reason is, that the heir is named and bound in the specialty executed by the ancestor; but it is only in cases of specialties that the heir is bound. This being a joint bond, the debt survived upon *Bernard Preston.* The heir of *Martin Preston* was not bound, for he never could have been sued upon the bond. By the act of 1785, *ch.* 80, it is evident that recourse could not be had against the heir and devisee, so long as there was personal estate, and that even after the extinction of the personal estate, the heir or devisee was not liable, except in cases of specialties. In a mortgage there is always a covenant binding the heir as well as the executor, and a suit may be brought on it against either.

DUVALL, J. *(a)*. Under all the circumstances of this case, the court think there is no doubt upon the subject.

On the death of *Martin Preston,* it being a joint bond, the debt survived upon *Bernard Preston,* and

(a) *Chase,* Ch. J. absent. *Done* J. concurred.

Oct. 1802

Preston
vs
Preston.

Oct. 1802

Preston
vs.
Preston.

no action at law can be maintained upon the bond against the heir of *Martin Preston:*　And the heir cannot possibly be answered unless sued as heir, and unless he had promised to pay the debt. This is a suit against him without stating that he is heir; without stating that assets had come to his hands, and without stating an express promise to pay.

PLAINTIFF NONSUITED.